Case 15—PETITION ORDINARY—February 25.

# Wright v. Cincinnati, &c., R. Co.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. Contributory Negligence—Failure to Stop at Railroad Crossing and Look.—If one approaches a railway track and attempts to cross without looking the one way or the other, no other fact appearing, and is injured, no recovery can be had unless those in charge of the train could have avoided the injury by the exercise of ordinary care, after the danger was discovered. But there may be circumstances which will excuse the failure to look before attempting to cross the track, and if the facts are such that men of ordinary judgment might differ as to whether the person injured, notwithstanding his failure to look along the track, exercised that degree of care that prudent persons would ordinarily exercise under the circumstances, the question of contributory negligence is for the jury.

The plaintiff in this case was driving in a buggy on a turnpike road, which, for some distance, ran parallel with the track of defendant's railroad. As he approached a crossing of the two roads he looked behind him several times, the last time when within one hundred yards of the crossing, and, seeing no train, the view being unobstructed for a mile back, he attempted to cross the track with-

Wright v. Cincinnati, &c., R. Co.

out looking back again, and was struck by a passing train, which the testimony tends to show was moving at the rate of sixty miles an hour, and without any signal of its approach to the crossing. The train was behind time, and plaintiff, knowing the usual hour for the passing of the train, had reason to believe that it had passed. *Held*—That it was error to give a peremptory instruction for defendant. The question of contributory negligence, as well as the question of negligence on the part of defendant, should have been submitted to the jury.

2. THE PLEA OF CONTRIBUTORY NEGLIGENCE was not inconsistent with the denial of the negligence alleged in the petition, and the defendant had the right to rely upon both defenses.

W. G. WELCH, M. C. SAUFLEY FOR APPELLANT.

Plaintiff was not guilty of contributory negligence in not stopping. It is only where there can be no sight or no hearing without stopping that stopping is held to l e necessary.

C. B. SIMRALL FOR APPELLEE.

1. The facts being conceded upon which the claim of contributory negligence was based, contributory negligence became a question of law. (Lou. & Portland Canal Co. v. Murphy's Adm'r, 9 Bush, 533; Dolfinger & Co. v. Fishback, 12 Bush, 479; Beach on Cont. Negligence, sec. 162.)

2. A traveler approaching a railroad crossing must "look and listen" for the approach of trains, and the failure to so "look and listen" is such contributory negligence as will bar recovery. (C. R. I. & P. R. R. v. Houston, 95 U. S., 697. *Alabama*—L. & N. R. R. Co. v. Crawford, 44 Am. & Eng. Ry. Cases, 568. *West Virginia*—Begel v. Newport N. & M. V. R. R., 45 Am. & Eng. Ry. Cases, 188. *Wisconsin*—Williams v. Chicago, Minn. & St. Paul R. R., 23 Am. & Eng. Ry. Cases, 274. *Illinois*—Chicago & N. W. R. R. v. Dimick, 2 Am. & Eng. Ry. Cases, 202. *Oregon*—Durbin v. Oregon Ry. Nav. Co., 32 Am. & Eng. Ry. Cases, 149. *Virginia*—N. Y., Phila. & Norfolk. R. R. v. Kellam's Adm'r, 32 Am. & Eng. Ry. Cases, 114. *Michigan*—Matti v. Chicago & West. Mich. R. R., 32 Am. & Eng. Ry. Cases, 71. *Indiana*—Ivens v. Cin., Wabash & Mich. R. R., 23 Am. & Eng. Ry. Cases, 258. *New Jersey*—Berry v. Penna. R. R., 26 Am. & Eng. Ry. Cases, 396. *Kansas*—Atchison, T. & St. Fe R. R. v. Townsend, 35 Am. & Eng. Ry. Cases, 352. *Missouri*—Kelly v. Hannibal & St. J. R. R., 75 Mo., 138 (13 Am. & Eng. Ry. Cases, 638). *Iowa*—Pence v. Chicago, R. I. & P. R. Co., 19 Am. & Eng. Ry. Cases, 366. *Maryland*—Maryland Cent. R. R. v. Newbern, 19 Am. & Eng. Ry. Cases, 261. *Pennsylvania* —Reading & Columbia R. R. v. Ritchie, 102 Penn. St., 425 (19 Am. & Eng. Ry. Cases, 267). *North Carolina*—Daily v. Rich. & Danvill-

R. R., 42 Am. & Eng. Ry. Cases, 124. *Maine*—Grows v. Maine Cent. R. R., 67 Maine, 104. *Massachusetts*—Wright v. Boston & Maine R. R., 2 Am. & Eng. Ry. Cases, 121. *Texas*—Galveston R. R. v. Bracken, 14 Am. & Eng. Ry. Cases, 691. *New York*—Connelly v. N Y. C. & H. R. R. Co., 88 N. Y., 346. *Ohio*—B. & O. R. R. v. Whiteacre, 35 O. S., 627. *Wisconsin*—Haas v. Chicago & N. W. R. R., 41 Wis., 44. *Nevada*—Bunting v. Cent. Pac. R. R., 14 Nev., 351. *Mississippi*— New Orleans, &c., R. R. v. Mitchell, 52 Miss., 808. *South Carolina*— Ziegler v. Northeast R. R., 5 S. C., 221. *California*—Fleming v. West. Pac. R. R., 49 Cal., 253. *Minnesota*—Marty v. Chicago, St. P., Minn. & O. R. R., 32 Am. & Eng. Ry. Cases, 107; Pierce on Railroads, p. 343; Beach on Cont. Negligence, p. 193; Wharton on Negligence, sec. 384.)

3. The failure to "look and listen" (that fact being admitted or proved beyond doubt) is such contributory negligence as requires the plaintiff to be *non-suited.* (Patterson on Railway Accident Law, sec. 174; Chicago, &c., R. Co. v. Houston, 95 U. S., 699; Schofield v. Chicago, &c., R. Co., 114 U. S., 615; Connelly v. New York Cent., &c., R. Co., 88 N. Y., 346; Seefeld v. Chicago, &c., R. Co. (Wis.), 32 Am. and Eng. R'y cases, 109; Williams v. Chicago, &c., R. Co. (Wis.), 23 Am. and Eng. R'y cases, 274; Reading, &c., R. Co. v. Retchin, 102 Pa. St., 425; B. & O. R. Co. v. Hobbs (Md.), 19 Am. and Eng. R'y cases, 337; Union Pac. R'y Co. v. Adams, 33 Kan., 427; Tully v. Fitchburg R. Co., 134 Mass., 499; Henze v. St. Louis, &c., R. Co., 71 Mo., 636; Powell v. Missouri Pacific R'y Co., 76 Mo., 80; Haas' Adm'r v. Grand Rapids, &c., R. Co., 47 Mich., 401; Penn. R. Co. v. Richter, 42 N. J., 180.)

4. When the view of the railroad track is obstructed, persons approach· ing the crossing must use additional care. (Patterson on Railway Accident Law, p. 171; Schaefert v. Chicago, &c., R. Co., 14 Am. and Eng. R'y Cas., 698; Haas v. Grand Rapids, &c., R. Co., 45 Mich., 401; Paducah, &c., R. Co. v. Hoehl, 12 Bush, 44.)

J. W. ALCORN OF COUNSEL ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In the month of July of the year 1889, the appellant, in company with a friend, was in his buggy on his way to the Danville Fair, and in crossing the railway track of the appellee his buggy was struck by a passing train that demolished it, throwing appellee to the ground and seriously injuring him. He insti-

tuted this action against the railway company, alleging that his injuries resulted from the negligence of its employes ; and upon the trial, in the court below, the jury was instructed to find for the defendant ; and this is the error complained of on the present appeal. At a former trial of this case a verdict and judgment was rendered for the present appellant for one thousand dollars, and that sum being within the jurisdiction of the Superior Court, an appeal was taken to that court, and the judgment reversed upon an error committed by the trial court, in requiring the defendant to elect whether it would rely on the general denial of any neglect as a defense to the action, or on their plea of contributory neglect on the part of the plaintiff. The Superior Court held that the pleas were not inconsistent, and that both defenses could be relied on, which, we think, was proper. On the return of the case, a non-suit having been ordered, and the sum claimed as damages being within the jurisdiction of this court, the case is now heard.

It seems that the turnpike and the track of the railroad run parallel for some distance, and where, or near the point at which, the appellant started on his journey, is a small village called Moreland, and about one and a quarter miles of Moreland is another small village called Milledgeville. The railway track crosses the turnpike twice between these villages. Moreland is south of Milledgeville, and the appellant was traveling north when the train struck him. Starting then from Moreland, when you get eight or nine hundred yards from that

town the track of the railway crosses the turnpike, and about seven or eight hundred yards from this first crossing the railway track again crosses the turnpike about three or four hundred yards of the village of Milledgeville.

It is a level country, and the track of the road is in plain view for over a mile from the last crossing back towards Moreland, whether on the turnpike or the railway, until you get within about ninety feet of the second crossing, where the accident happened. For this ninety feet there is a side cut in the turnpike that obstructs the view south towards Moreland. The train that did the injury was going north in the same direction the plaintiff was traveling. The testimony shows that after leaving Moreland, and when approaching the first crossing, the appellant looked back to see if there was a train behind him, and, seeing none, passed the first crossing safely. In approaching the second crossing, and when within two hundred yards of it, he looked back again, and there was no train, and again, when within seventy-five or one hundred yards of the second crossing, looked again, and saw no train, and then drove on to the track without looking any more, traveling, as we conjecture, at the rate of six or seven miles an hour, and as soon as his buggy was on the track the train struck it. The train was past due, and was running at a rapid rate of speed to make up for lost time, and must have been going at the rate of sixty miles an hour, or at a greater speed. If the distance from where the last look was made is only seventy-five or one hundred yards from the crossing, the buggy could

havé been driven and passed the crossing before the train could have reached the crossing if going at the rate of fifty miles an hour; for if the testimony of the plaintiff and his friend is to be believed, there was no train to be seen at Moreland or near that village when the last attempt was made to see if there was danger. It is in proof that the appellant knew the time the train usually passed, and whether or not he had been informed that it was behind does not appear. It is also shown that no signal was given of the approach of the train. This fact appears by several witnesses for the appellant, when four or more witnesses for the appellee swear that signals were given. So, as to the warning given by the approaching train, there is such a conflict in the testimony as required that question to go to the jury as a controlling fact in the case.

It is insisted by counsel for the railway company that it is the duty of one on a highway crossing the track of a railway *to stop and listen* in order that he may know it is safe to cross, and if he had stopped and listened when he reached the track before going upon it, he might have seen the train, or heard the rumbling noise of its approach, or the sound of its whistle, and if he failed to do so, it is such contributory negligence as bars the recovery and authorizes a non-suit, although the railway company may have been guilty of neglect. It is true that the appellant, being within thirty yards of the crossing when reaching the cut, might have looked back and seen a train nearly a mile off, but having exercised the precaution that he did, it seems to us to be a question for the jury to determine whether

or not he exercised the proper care and diligence for his safety. If one approaches a railway track and attempts to cross without looking the one way or the other, no other fact appearing, and is injured, no recovery can be had, unless the danger is discovered and could be avoided by the exercise of ordinary care, for if the facts are such as that rational minds, or men possessed of ordinary judgment, must say that the man's own neglect caused the injury, then a non-suit is proper. It must be conceded that many of the authorities referred to by the appellee sustain the view of the court below that it is negligence *per se* not to stop and listen before going upon a railway track, unless the evidence shows that it did not proximately contribute to the injury. This court has not followed or adopted such a doctrine, but, on the contrary, has held that where the circumstances under which one attempts to cross the track of a railway show that degree of care that prudent persons would ordinarily exercise under like circumstances, the negligence resulting in injury from the passing train ought not to be attributed to the party injured. It is, therefore, in nearly every case a question of both law and fact, the province of the jury being to pass on the facts under proper instructions from the court.

In the case of Cahill v. Cincinnati, &c., R. Co., 92 Ky., 345, where the injury occurred at a private crossing where those crossing the track were warned of approaching trains by signals given at a depot near to but not at the crossing, this court said: "But to decide that the failure of one to look along a railroad before attempting to cross it, is,

under all circumstances and necessarily, negligent, would be arbitrary and without reason, for there may be evidence sufficient to satisfy one of ordinary prudence the track is clear without taking that precaution, as when he knows it is not usual train time, and does not hear the signal he knows it is customary for the company to give and him to hear. A person thus reasoning and acting, it seems to us, can not, upon principle, be regarded as negligent when injured by a passenger train running at an extraordinary rate of speed, hours behind time, and without any signal of its approach at the regular station."

On the facts presented by this record it is not by any means certain the appellant acted so negligently as to preclude a recovery, and while the accident might not have happened if he had stopped at the track and listened, men of ordinary judgment might well conclude that the appellee, in looking back as often as three times, and the last time when within one hundred yards of the crossing, and seeing no train for a mile back, had the right to believe, as a reasonably prudent man, that he could cross the track with safety, and particularly when he had reason to suppose the train inflicting the injury had passed, and if not, that the blowing of the whistle would warn him of the danger. The train must, in order to regain its lost time, have been running at a speed of one mile in a minute, and to say that men might not arrive at different conclusions as to whether the appellant was or not negligent, would be to leave all such questions to be decided by the court and not by the jury.

It is plain that the crossing where the accident happened is a dangerous one, and it may, therefore, be said that greater care should have been exercised by both the appellant and the appellee; but still the question as to whether the appellee acted with proper vigilance for his safety is with the jury, and if he did, then if there was an omission of duty on the part of the appellee in failing to give proper signals by blowing its whistle as it approached this crossing with such a rapid movement of the train, thereby causing the injury, it is liable. When there is any uncertainty as to the facts establishing negligence, such as, if found to exist, would bar a recovery, it becomes a question for the jury; and, as said by Mr. Justice Cooley, in the case of the Detroit, &c., R. Co. v. Van Steinburg, 17 Mich., 99, although the judge may fix in his own mind the standard of ordinary prudence, "it is quite possible, if the same question of prudence was submitted to a jury collected from the different occupations of life, and perhaps better competent to judge of the common opinion, he might find them differing with him as to the standard of proper care. The next judge trying a similar case may also be of a different opinion, and, because the case is not clear, hold that to be a question of fact which the first has ruled to be one of law."

There are but two questions in this case. Did the appellant exercise such care under the circumstances as an ordinarily prudent man would have exercised for his own safety? If not, the verdict should be against him. If he did, then the inquiry arises, did

the appellee, by its employes, give proper warning of the train's approach by blowing its whistle, such as would notify one exercising reasonable care for his own safety of the danger?

The care exercised by the appellant and that of negligence imputed to the company are the questions to go to the jury, and the facts in this case will not authorize the court to say, as a matter of law, that either existed. The judgment below should be set aside and a new trial granted. Reversed and re-manded for that purpose.

Cleveland R. Co. v. Crawford, 24 Ohio St., 631; Copley v. New Haven, &c., Co., 136 Mass., 6; Tyler v. New York Railroad Co., 137 Mass., 238; Detroit, &c., R. Co. v. Van Steinburg, 17 Mich., 99.