FRED MILLER *vs.* WILLIAM H. TRUESDALE, Receiver.

Argued Jan. 11. 1894.   Affirmed Jan. 19, 1894.

No. 8571.

**Contributory negligence of a traveler at railway crossing.**

It is true, as a general proposition, that one who is struck at a railway crossing by a moving train, which must have been plainly visible from the point he occupied when it became his duty to look and listen, must be conclusively presumed not to have looked, or, if he did, to have negligently disregarded the knowledge thus obtained; and the mere fact that he says he looked and saw nothing, would not, under such circumstances justify the jury in finding that it was true.

**Verdict supported by evidence.**

But *held* that the evidence in this case was not of that conclusive character.

Appeal by defendant, William H. Truesdale, as Receiver of the Minneapolis and St. Louis Railway Company, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made September 23, 1893, denying his motion for a new trial.

On June 28, 1888, the defendant, William H. Truesdale, was by said District Court appointed receiver of the property of the Minneapolis and St. Louis railway. He accepted the trust and operated the railway under the direction of the court. On January 11, 1892, the plaintiff, Fred Miller, was driving his team of two horses and lumber wagon at eight o'clock in the evening along the highway at Eden Prairie station in said county, where it crosses the track of this railway 515 feet south of the depot. He kept a retail country store at this station and had a load of groceries·in his wagon. While driving southeast in the highway across the main track of the railway the passenger train coming from the northeast struck the left hind wheel of his wagon and threw him out, scattered his goods and demolished the wagon. He claimed that freight cars stood on· the side tracks north of and parallel to, but sixty feet distant from, the main track and that he stopped his team and looked and listened, but could neither see or hear any train, and that no whistle was blown or bell rung, that he then attempted to drive over but was struck before he had entirely cleared the track, and that the train was running at extraordinary speed and did not stop at the depot. He claimed $3,000 for his personal injuries and $300 for damages to his property. The defense was that plaintiff could and should have seen and heard the approaching train and was guilty of contributory negligence. At the trial on May 12, 1893, plaintiff had a verdict of $350. Defendant moved for a new trial and being denied appeals.

*Albert E. Clarke* and *W. F. Booth*, for appellant, cited *Myers* v. *Baltimore & O. Ry. Co.*, 150 Pa. St. 386; *Hauser* v. *Central R. Co.*, 147 Pa. St. 440; *Brown* v. *Milwaukee & St. P. Ry. Co.*, 22 Minn. 165; *Harris* v. *Minneapolis & St. L. Ry. Co.*, 37 Minn. 47; *Studley* v. *St. Paul & D. Ry. Co.*, 48 Minn. 249; *Pennsylvania R. Co.* v. *Beale*, 73 Pa. St. 504; *Abbett* v. *Chicago, M. & St. P. Ry. Co.*, 30 Minn. 482; *Clark* v. *Northern P. R. Co.*, 47 Minn. 380; *Weyl* v. *Chicago, M. &*

*St. P. Ry. Co.*, 40 Minn. 350; *Schufelt* v. *Flint & P. M. R. Co.*, 96 Mich. 327; *Continental I. Co.* v. *Stead*, 95 U. S. 161.

*Weed Munro*, for respondent, cited *Hendrickson* v. *Great Northern Ry. Co.*, 49 Minn. 245; *Loucks* v. *Chicago, M. & St. P. Ry. Co.*, 31 Minn. 526; *Beanstrom* v. *Northern P. R. Co.*, 46 Minn. 193; *Kellogg* v. *New York C. & H. R. R. Co.*, 79 N. Y. 72; *Howard* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 214; *Hutchinson* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 401; *Shaber* v. *St. Paul, M. & M. Ry. Co.*, 28 Minn. 103; *Kelly* v. *St. Paul, M. & M. Ry. Co.*, 29 Minn. 1; *Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 408; *Ernst* v. *Hudson River R. Co.*, 39 N. Y. 61; *Schum* v. *Pennsylvania R. Co.*, 107 Pa. St. 8.

MITCHELL, J. This was an action for damages resulting from a collision between plaintiff's wagon and team and a railway train at a highway crossing in the immediate vicinity of Eden Prairie Station.

The collision was alleged to have been caused by the negligence of the defendant's servants in failing to give any signal of the approach of the train. No claim is made that the evidence was not sufficient to prove negligence on the part of the defendant. It tends strongly to show that the engineer, being otherwise engaged, and not on the lookout, was not aware that he was near the station or crossing, and hence failed to give any signal of the approach of the train, which was running at the very unusual rate of forty five to fifty miles an hour.

The sole point made by defendant is that the evidence conclusively shows that plaintiff himself was guilty of contributory negligence, in failing "to look and listen" before attempting to cross the railway. The plaintiff testified positively that he stopped twice, and looked and listened,—once when about sixty feet, and again about twenty five or thiry feet, from the crossing,—and neither saw nor heard the train. If this testimony was true, it amply justified the jury in finding that plaintiff exercised reasonable care; but defendant's contention is that the uncontradicted evidence conclusively shows that the train must have been plainly visible from the point or points which plaintiff occupied when it became his

duty to look and listen, and hence it must be conclusively presumed either that he disregarded that rule of common prudence, or, if he did look, that he heedlessly disregarded the knowledge thus obtained, and negligently went into an obvious danger, and that the fact that he says he looked, and saw nothing, when it is clear that, if he had looked, he would have seen the train, would not warrant the jury in finding that it is true.

If counsel was correct as to the effect of the evidence, his proposition of law is undoubtedly correct, and would be applicable. It is substantially what the court has said in *Brown* v. *Milwaukee & St. P. Ry. Co.*, 22 Minn. 167, and *Weyl* v. *Chicago, M. & St. P. Ry. Co.*, 40 Minn. 350, (42 N. W. 24.) See, also, *Myers* v. *Baltimore & O. Ry. Co.*, 150 Pa. St. 386, (24 Atl. 747.)

It is impracticable to go into anything like a full analysis of all the evidence in this case bearing upon this point. It consists mainly of measurements and experiments of others, illustrated by maps and photographs of the locality. We have had occasion heretofore to refer to the generally inconclusive character of such evidence, and of calculations based upon it. Such observations cannot be made under the precise circumstances which attended the transaction to be investigated. There may be a slight change in the intervening obstacles, and the speed of the approaching train is not there. Moreover, these observations are not usually made in the same state of mind in which the party was whose conduct is being investigated. The accuracy of conclusions drawn from calculations must necessarily largely depend upon the correctness of the premises assumed as to the relative speed of the train and of the traveler. These and a variety of other circumstances illustrate why extreme caution should be used in accepting this kind of evidence as conclusive in ordinary cases. *Hutchinson* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 401, (21 N. W. 212;) *Kellogg* v. *New-York C. & H. R. R. Co.*, 79 N. Y. 77. The force of these suggestions is illustrated in the present case by the fact that the experiments in evidence were made in the daytime, while the accident occurred about eight o'clock at night, on the 11th day of January, when, perhaps, nothing but the headlight on the engine of an approaching train might be observable by a traveler; and even this might be obstructed to the view by in-

tervening objects, unless the view offered and the presence of the headlight concurred both as to time and place. It is also to be observed that the experiments were made with only one freight car standing on the side track, while there is some evidence tending to show that at the time of the accident there were several cars standing there; and there is nothing to show that plaintiff was aware of that fact.

We have carefully examined all the evidence, and, while we think it tends very strongly to prove negligence on part of the plaintiff, yet we do not think it is of the conclusive nature claimed for it by defendant, and therefore the verdict of the jury must stand.

Order affirmed.

(Opinion published 57 N. W. Rep. 661.)

Application for reargument denied January 31, 1894.