## LOUIS RAIOLO v. NORTHERN PACIFIC RAILWAY COMPANY and Others.[1]

### July 16, 1909.

### Nos. 16,183—(193).

**Pedestrian at Crossing — Contributory Negligence.**

Plaintiff's intestate, intending to cross defendant's railroad track at a place which appeared on the recorded plat as a street, but which had never been opened or used as a street, emerged from behind a retaining wall. That wall obstructed his view. If, when deceased reached the end of the wall, six and one-half or seven feet from the track, he had looked in the direction from which defendant's engine was coming, he would have seen it. He walked upon the tracks in front of an approaching engine and was killed. It was *held* that he was guilty of contributory negligence as a matter of law.

Action in the district court for Ramsey county by the administrator of the estate of Frank Raiolo, deceased, against the Northern Pacific Railway Company, Kenneth F. Schiffmann and Frank S. Ritchie, to recover $5,000 for the death of his intestate. The case was tried before Olin B. Lewis, J., who directed a verdict in favor

[1]Reported in 122 N. W. 489.

of defendant railway company. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*James E. Markham* and *Benjamin Calmenson,* for appellant.

*L. T. Chamberlain,* for respondent Northern Pacific Railway Company.

*C. A. Hart,* for respondents Schiffmann and Ritchie.

JAGGARD, J.

The intestate of plaintiff and appellant was killed by an engine of defendant and respondent. He resided a short distance from a point where a city street was intersected by defendant's railroad tracks. The street was, however, a "paper street" only; that is, it appeared on the recorded plat, but had never been opened, nor prepared for use, nor used, as a street. Indeed, a wall separating other railroad tracks from defendant's tracks made impossible such use by vehicles. Plaintiff, in the employ of another railroad company, had been in the daily habit of passing over the intervening tracks of the defendant to meet a south-bound engine of his employer, to be carried by it to his place of work, about three miles distant. The driver of that engine customarily slowed down as he approached this crossing, so as to enable deceased to ride on it to his place of work.

On the day of his death, deceased had been keeping a lookout for the approach of this engine. Observing it in the distance, he left home for the purpose of meeting it. He ran out hurriedly, down the incline on the street, towards the point where the paper street crossed defendant's tracks. A retaining wall, which was on the east boundary of defendant's right of way, and which ended about where the street began, prevented a view of the tracks by a pedestrian descending the hill until he had passed by the north end of this high wall. From the end of the wall to the railroad track the distance was six and one-half or seven feet. If, when the deceased had reached the end of the wall, he had looked in the direction from which the engine was coming, it is admitted he could have observed it. He was seen, while at a point on a level with the top of the wall, and before following the portion of the path leading behind and around the end of the wall, to stop and to apparently listen for the customary signal by an engineer or train approaching on defendant's tracks. This

point was about fifteen feet from the track. Deceased then moved rapidly down the path, beyond the northerly end of the wall, across the intervening distance, and upon the track directly in front of the approaching engine, by which he was struck and killed. The trial court held that the evidence was sufficient to make out a prima facie case of negligence on defendant's part, but that deceased was guilty of contributory negligence as a matter of law. The propriety of the latter ruling is the issue presented by this appeal.

While the facts in this case differ somewhat from all other similar cases heretofore presented to this court, we are of opinion that the ruling of the trial court was necessitated by many previous decisions not to be successfully differentiated. See Carney v. Chicago, St. P., M. & O. Ry. Co., 46 Minn. 220, 48 N. W. 912; Clark v. Northern Pac. Ry. Co., 47 Minn. 380, 50 N. W. 365; Magner v. Truesdale, 53 Minn. 436, 55 N. W. 607; Schneider v. Northern Pac. Ry. Co., 81 Minn. 384, 84 N. W. 124; Greenwood v. Chicago, R. I. & P. Ry. Co., 95 Minn. 284, 104 N. W. 3; Carlson v. Chicago & N. W. Ry. Co., 96 Minn. 504, 105 N. W. 555, 4 L. R. A. (N. S.) 349, 113 Am. St. 655.

It is undoubtedly true that there is a group of cases in which, as to persons employed in railroad yards whose duties frequently make it necessary for them to go upon tracks, and the exigencies of whose occupation may call upon them to do so without premeditation, time, or opportunity to ascertain whether it is dangerous to do so, it is held that the act of such a person in placing himself upon the tracks in the discharge of his duties without looking or listening is not per se negligence, but may be negligence or not according to other circumstances. Almost always, in such instances, the questions are for the jury. Jordan v. Chicago, St. P., M. & O. Ry. Co., 58 Minn. 8, 59 N. W. 633, 49 Am. St. 486; Graham v. Minneapolis, St. P. & S. S. M. Ry. Co., 95 Minn. 49, 103 N. W. 714; Joyce v. Great Northern Ry. Co., 100 Minn. 225, 110 N. W. 975, 8 L. R. A. (N. S.) 756; Floan v. Chicago, M. & St. P. Ry. Co., 101 Minn. 113, 111 N. W. 957. The facts of this case, however, do not bring it within that rule. The duties of deceased as a railroad man did not make it necessary for him to go upon the tracks. No exigency of his employ-

ment was involved. For his own convenience in going to his work at a distant place, he was crossing the tracks. He may not have been a trespasser; but he was bound to exercise at least the care exacted of a person lawfully using a public street.

Upon the record it may fairly be conceded that defendant's engine was not only running at an unlawful and improper rate of speed, but that the usual signals were not given. Counsel for plaintiff urges that the deceased had the right to presume that in handling its engine the railroad company would act with proper care and that signals of approach would be seasonably given. This matter was recently considered in detail in Carlson v. Chicago & N. W. Ry. Co., 96 Minn. 504, 508, 105 N. W. 555, 557, 4 L. R. A. (N. S.) 349, 113 Am. St. 655. It was there said: "Negligence of the defendant's employees in failing to whistle or ring a bell at a crossing is no excuse for negligence on the part of the person about to cross in failing to use the senses to discover danger. Railroad Co. v. Houston, 95 U. S. 697, 702; Northern Pac. Ry. Co. v. Freeman, 174 U. S. 379. And see cases collected in Judson v. Great Northern Ry. Co., 63 Minn. 248, 65 N. W. 447."

Klotz v. Winona & St. P. R. Co., 68 Minn. 341, 71 N. W. 257, is not necessarily inconsistent. It was there said at page 349 of 68 Minn., and page 260 of 71 N. W.: "Negligence on the part of the defendant's employees would not relieve the deceased from the duty which the law imposed upon him. He should observe due care and watchfulness, and not rely entirely upon the acts of others, but this due care depends very frequently upon the facts of the particular case." Inter alia, there were not present in this case the distracting circumstances to which the court refers in the Klotz case after making the statement quoted from it.

In Palmer v. New York, 112 N. Y. 234, 19 N. E. 678, the testator was not only crossing tracks on a village street, but the circumstances made it a question for the jury to determine whether, if he had looked and listened, he would have seen the machine on the track, and, if he did, whether by its position and appearance he was informed that it was an engine approaching the crossing, or whether, from the situation of the cab and the absence of the signal, he might have been led to believe it was going from, and not toward, the cross-

ing, and whether with the addition to these circumstances that the gates were open, he might not have reasonably believed, and with ordinary prudence have governed himself by the belief, that, whichever way the engine was moving, it was not intending to pass the highway. In the case at bar, the attention of the intestate was in no wise distracted. No emergency, presenting any dilemma or affording any reason for failure to use his senses, existed, and no circumstances tended to mislead him concerning the danger of going on the track.

Affirmed.