## HENRY J. AMANN v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

July 3, 1914.

Nos. 18,705—(187).

**Accident at street crossing — question for jury.**
   1. Under the evidence it was a question for the jury whether the defendant was negligent in starting its train, which had been blocking a street crossing, with knowledge on the part of the brakeman, when he gave the signal to start, that the plaintiff had just started to cross between two cars.

**Same — contributory negligence.**
   2. The question whether the plaintiff, a boy eight years and ten months of age, was guilty of contributory negligence in attempting to cross between two cars of a freight train blocking a street crossing was for the jury.

Action in the district court for Ramsey county to recover $35,000 for personal injury to the minor plaintiff. The answer alleged that

[1] Reported in 148 N. W. 101.

---

Note.—The question of contributory negligence of infant in attempting to cross train standing on a crossing is treated in a note in 13 L.R.A.(N.S.) 1069.

if plaintiff received personal injury the same was due solely to his negligence which was the sole and proximate cause of the injury. The case was tried before Catlin, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict in its favor, and a jury which returned a verdict for $7,500 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.

*Frank E. Clinite* and *John A. Dalzell,* for respondent.

DIBELL, C.

Action by the plaintiff, a minor, to recover damages for an injury sustained by being run over by a train of the defendant as he was attempting to pass between two cars at a street crossing. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

1. The plaintiff was injured at a street crossing in New Ulm, while attempting to cross between the cars of a train of the defendant. The train was blocking the crossing. As he was attempting to pass between two cars the train started and he was caught and injured.

One act of negligence upon which reliance is placed, and the only one which we mention, is the starting of the train upon the signal of the brakeman who was on top of one of the cars at the crossing. His testimony is that he saw the boy for some little time at the crossing, evidently awaiting an opportunity to pass, and saw him enter between the cars to cross to the other side, and, the train being ready to go, signaled the engineer. The train started and the boy was run over. The brakeman gave no substantial explanation for starting the train as he did—nothing more than a suggestion that he supposed that the boy had gotten across.

If the testimony of the brakeman is given credence, there is no difficulty in supporting a finding of negligence. Henderson v. St.

Paul & D. R. Co. 52 Minn. 479, 55 N. W. 53. Counsel for. the defendant contends that his testimony is in its nature so incredible, and the witness so thoroughly contradicted and impeached, that the verdict for the plaintiff should not stand. We have given this claim serious consideration. A thorough examination of the record in all its bearings leads us to the conclusion that the verdict cannot be disturbed by this court. The result of the jury's deliberation is entitled to weight. The trial court approves it; and it was in better position than we can be to determine whether the character of the testimony of the brakeman was such that in the exercise of a proper discretion a new trial should be had. His testimony, as it appears on paper, is subject to severe criticism, and the character of the brakeman's life was not such as to commend him. The case is one where the responsibility of determining whether, because of the suspicious character of the proof upon which the verdict rested, a new trial should be had, was upon the trial court.

2. The plaintiff was eight years and ten months of age at the time of his injury. The train had been blocking the crossing for some minutes, and the boy had been waiting. He had been sent from his home on an errand and was on his way back and was instructed to hurry. Besides, he was in a hurry to get home so as to get permission to go into the country with his uncle, who happened to be in town, and who was liable to leave at any time. So far as he was able to see no engine was attached to the train, and there was no indication of its moving immediately. He had seen others go under the cars. He had never done so himself. Under such circumstances it should not be held as a matter of law that the boy was himself negligent. It was for the jury to say. Henderson v. St. Paul & D. R. Co. 52 Minn. 479, 55 N. W. 53. And see cases cited in note 13 L.R.A.(N.S.) 1069.

Order affirmed.