# ADAM SIKORSKI v. GREAT NORTHERN RAILWAY COMPANY and Another.[1]

October 9, 1914.

Nos. 18,716—(228).

**Contributory negligence.**

In this action to recover for injuries received by plaintiff while attempting to cross between cars of a train standing on a crossing, it is *held* that it conclusively appears from the evidence that plaintiff was guilty of contributory negligence.

Action in the district court for St. Louis county to recover $8,300 for personal injury. The answer, among other matters, alleged that whatever injuries were sustained by plaintiff were by reason of his negligent and foolhardy conduct in attempting to pass between the cars of the train, with the engine attached, which was then being operated by defendant railway company. The case was tried before Dancer, J., who denied defendant's motion to direct a verdict in its favor, and a jury which returned a verdict for $3,368. From an order granting defendant's motion for judgment in its favor notwithstanding the verdict, plaintiff appealed. Affirmed.

*Andrew Nelson* and *George B. Sjoselius,* for appellant.

*Baldwin, Baldwin & Holmes,* for respondent.

BUNN, J.

This action was to recover for personal injuries.

There was a verdict for plaintiff, but, upon defendant's motion in the alternative for judgment or a new trial, the trial court ordered

[1] Reported in 149 N. W. 5.

Note.—Contributory negligence in attempting to cross a train standing on a crossing, see notes in 13 L.R.A.(N.S.) 1066; 34 L.R.A.(N.S.) 466.

judgment for defendant notwithstanding the verdict. Plaintiff appealed from this order.

The accident in which plaintiff received his injuries occurred in the city of Superior, Wisconsin, at the intersection of West Sixth street and defendant's tracks, which cross the street at substantially right angles. The street is a much used public thoroughfare, and hundreds use the crossing daily. Plaintiff lived south of the tracks and a block from the crossing. On the evening of November 12, 1912, he left his home, intending to cross the tracks at Sixth street and purchase some tobacco at a store on the other side. When he reached Sixth street plaintiff saw that a string of cars blocked the crossing. When he reached a point 10 feet from the tracks he "looked to the right and to the left" and saw "nothing else but cars." The cars were on the southerly or east bound main track. As a matter of fact it was a live train; there was an engine attached, but it was around a curve and the view of it was obstructed by the cars. There were tail lights on the caboose. It was dark and plaintiff could see but half a block in either direction. He testified that he did not see the engine, or the tail lights on the caboose. He waited, according to his testimony, for 10 minutes, and then started to go between the cars by seizing the grab iron and stepping on the coupling. The cars started suddenly and plaintiff was thrown to the ground and dragged some distance, receiving the injuries complained of.

The ground upon which the trial court held that plaintiff could not recover was his contributory negligence. As we have concluded that the order appealed from must be sustained upon this ground, it is unnecessary to discuss or decide whether there was any evidence of negligence on the part of defendant that was the proximate cause of the accident. The charges in this respect were (1) blocking the crossing for an unreasonable length of time, (2) starting the train without warning by bell or whistle.

That plaintiff was guilty of negligence that contributed to cause his injuries conclusively appears from the evidence. His effort to show his justification for believing that the string of cars blocking the crossing was not a live train with an engine attached was a failure.

The cars were on the main east bound track, where strings of cars were not left standing without engines.    Traffic was heavy and trains frequent.   He must have known that he could not see the engine from where he looked.    The case is therefore controlled by Wherry v. Duluth, M. & N. Ry. Co. 64 Minn. 415, 67 N. W. 223.   We are unable to accede to the proposition that plaintiff was justified in concluding, or in fact concluded, that no engine was attached.    The undisputed facts show plaintiff's act simply as the conduct of one weary of waiting and in a hurry for his tobacco.    He probably thought he could safely enough take the risk, but he took his chances.

It is sought to differentiate this case from the Wherry case, in the evidence here tending to show a custom to ring a bell or sound a whistle before starting a train that blocks a crossing.    But the evidence negatives the theory that plaintiff relied at all on the absence of signals.    His claim was that he saw no engine, no lights on the caboose, no trainmen about, and thought it was an abandoned string of cars.    He in fact waited for 10 minutes before venturing to attempt to cross between the cars.    Conceding, without deciding, that the evidence of a custom to signal was sufficient to make a *prima facie* case of negligence on defendant's part, there is no evidence that plaintiff was relying on any such custom.    On the whole, we are safe in saying that no fact or circumstance was shown that tends to relieve plaintiff from the charge of negligence.    The case of Amann v. Minneapolis & St. L. R. Co. 126 Minn. 279, 148 N. W. 101, is so clearly distinguishable from the present case that we need not point out the difference.    We have not overlooked the decisions from other courts cited in support of both sides.    The Wherry case is the law of this state, and we see no occasion to overrule it.    See also Helback v. Northern Pacific Ry. Co. 125 Minn. 155, 145 N. W. 799.

We do not decide whether the order in this case is appealable.
Order affirmed.