## CHARLES F. KNAPP v. NORTHERN PACIFIC RAILWAY COMPANY AND ANOTHER.[1]

February 15, 1918.

No. 20,701.

**Railway — accident at street crossing — contributory negligence.**

1. The evidence examined and *held* to show that plaintiff's intestate, killed in a collision with defendant's train at a street crossing, was guilty of contributory negligence.

**Same — evidence of wilful negligence.**

2. The evidence is insufficient to support a recovery on the theory of wanton injury, or wilful or wanton negligence.

**Trial — refusal to give request to jury.**

3. There can be no error in refusing to give a request where the evidence is insufficient to support a finding upon the issue to which the request relates.

**Railway — contributory negligence — evidence of custom in another village — offer of evidence.**

4. The custom of flagging trains in a neighboring village to the one

[1] Reported in 166 N. W. 409.

wherein the collision occurred, can have no bearing upon decedent's contributory negligence, where no offer was made to show that it was ever the practice to flag trains at the latter place, or that he was not fully acquainted with the practice there obtaining.

Action in the district court for Sherburne county by the administrator of the estate of Frank B. Knapp, deceased, to recover $7,500 for the death of his intestate. In their answer defendants denied wilful or careless operation of the locomotive or train. The case was tried before Giddings, J., who at the close of the testimony denied motions for a verdict in favor of each defendant, and a jury which returned a verdict for $2,000. Defendants' motion for judgment notwithstanding the verdict, on the ground that it conclusively appeared that decedent was guilty of contributory neglience, was granted. From the judgment in favor of defendants, plaintiff appealed. Affirmed.

*Hall & Tautges,* for appellant.

*C. W. Bunn* and *B. F. Lyons,* for respondents.

HOLT, J.

Plaintiff's intestate, Frank B. Knapp, was killed when the automobile he was driving was struck by the west bound limited passenger train of defendant where its tracks are intersected, at about right angles, by one of the main traveled streets in the little village of Clear Lake, this state. In this action to recover damages sustained by his widow and next of kin, the court ordered judgment entered for defendant notwithstanding the verdict rendered for plaintiff, who appeals.

The learned trial court held that under the undisputed facts Mr. Knapp was guilty of contributory negligence, as a matter of law. The facts and circumstances of the accident are as follows: The collision occurred at one o'clock in the afternoon of October 13, 1915, a bright, pleasant day. The situation was such that, while Knapp was driving the last 100 feet before striking the first rail of the west bound track, he continuously had an unobstructed view to the east, from which direction this train was coming, for more than 1,200 feet. Immediately south of the two main tracks was the usual railroad crossing sign post, and north of the west bound track, and less than 25 feet from the point of collision on a post, carrying similar signs in large letters, was an automatic gong or bell,

which was ringing. The station whistle was sounded and so was a crossing whistle when some 1,200 to 1,400 feet east of this crossing. The locomotive bell was also ringing. Deceased was driving northerly towards the crossing in a one-seated Ford automobile, the rear seat having been removed and a tool box put in its place. There was a top over the front seat which was up, but there were no side curtains. The wind shield was up. To the tool box was tied the butt end of a 20-foot telephone pole, the small end of which dragged on the ground. The speed of the automobile was variously estimated at from 6 to 15 miles an hour. There was a slight rise in the street as it approached the crossing. The train was 8 or 10 minutes late, and was running at its usual speed, variously stated to be from 45 to 55 miles per hour. The locomotive struck the rear wheel of the automobile, throwing out and instantly killing Mr. Knapp. He was 62 years old, active and in good health. There is no evidence of any impairment of sight or hearing. He lived at Big Lake, a little village 15 miles east of Clear Lake, but had for a long time been engaged in keeping in repair the rural telephone lines centering in these two and adjacent villages, so that he was perfectly familiar with the situation at Clear Lake, and the train service over defendant's railway.

It has long been settled law that one about to traverse a railroad crossing must use his senses to discover and avoid the danger from passing locomotives or cars. If failure or neglect to observe this safeguard contributes to a collision with a train it defeats a recovery for the injury sustained. Had Mr. Knapp not been wholly oblivious to his surroundings he, no doubt, would have heard the station and crossing whistles, and it is inconceivable that he could have come up to the crossing without hearing the ringing of the automatic gong, only a few feet distant, if he had given but the slightest attention to the possibility of danger from trains. And in respect to the use of his eyes, it is perfectly clear that a single glance toward the east, at any point while traversing the last 100 feet of his course, would have revealed the approach of the train in ample time to avoid injury. He could have stopped the automobile under the conditions existing within a distance of 3 or 4 feet. There were no passing vehicles or moving trains or cars, other than the train in question, to distract him. It is true, there was testimony that this automobile was rather noisy and that the noise was somewhat increased by the pole drag-

ging behind. If that interfered with his sense of hearing, the more need to use the eyes. Schneider v. Northern Pacific Ry. Co. 81 Minn. 383, 84 N. W. 124. The evidence is conclusive that he either did not look when he had full opportunity so to do, or did it so negligently that he failed to note the swiftly approaching train then within view. There is no evidence that the dragging of the pole behind, as was done this time, was either unusual or distracting to the deceased. Nor can we conceive that the failure of a person who stood near the point of collision to warn Knapp can be considered a distracting circumstance, as claimed by appellant. It is further suggested that the outlook for trains coming from the west was somewhat obstructed and that Knapp's attention might have been engaged upon discovering a threatened danger from that direction. But there is no evidence tending to show that he was thus engaged, and even were it so, it would not excuse bestowing a single glance towards the east. We are forced to the conclusion that the deceased attempted this crossing without looking or listening for danger, and that had he done either, however perfunctorily, the deplorable accident would have been averted. The presumption that the deceased used due care to avoid injury is destroyed when it appears "from the undisputed evidence that if deceased had looked and listened before driving upon the crossing he must have seen and heard the train approaching." Carlson v. Chicago & N. W. Ry. Co. 96 Minn. 504, 105 N. W. 555, 4 L.R.A.(N.S.) 349, 113 Am. St. 655.

But it is said the evidence made a case for recovery for a wanton injury, or, so-called, wilful or wanton negligence. This is predicated on the fact that the fireman saw Mr. Knapp when the locomotive was several hundred feet east of the crossing, and ought then to have known that Knapp was unaware of the approach of the train, and should have caused the engineer to give the alarm whistle in time to prevent the collision. It is confidently asserted that the jury could find the facts for the application of the humane legal principle that where one discovers a person in a place of peril, no matter what fault or wrong of his brought him there, ordinary care must be used to avoid injury to him. The difficulty with the facts here is that Mr. Knapp was not in any peril, apparent or real, up to the time he came within a very few feet of the west bound main track. The fireman knew that several blasts of the whistle had been given within

a half minute and that the bell on the locomotive was ringing. He saw that the speed of the automobile was such that the vehicle could be readily stopped, and that the driver by a mere side glance could see the approaching train. He could not well see Knapp's face, he sitting on the left side of the car, the side farthest away from the fireman. No one, under the conditions appearing to the fireman, could appreciate that Mr. Knapp then was or soon might be in peril. One of plaintiff's witnesses, who stood about 35 feet north and east of the point of collision, looking directly at the automobile as it approached, testified that he made no move to warn Knapp because of the expectation that he would stop in time. Other witnesses who observed deceased harbored the same thought. Such being the situation, a jury should not be permitted to say that the fireman discovered Knapp in a position of peril in time to cause a warning to be given that would have saved him.

The position of deceased appeared to the fireman quite different from that of a person walking on a track with his back toward an oncoming train, such as was the case in Mellon v. Great Northern Ry. Co. 116 Minn. 449, 134 N. W. 116, Ann. Cas. 1913B, 843; Havel v. Minneapolis & St. Louis R. Co. 120 Minn. 195, 139 N. W. 137; and Gill v. Minneapolis, St. P. R. & D. Ele. T. Co. 129 Minn. 142, 151 N. W. 896; or where a person was caught in a frog, as in Palon v. Great Northern Ry. Co. 129 Minn. 101, 151 N. W. 894; or where a small child is discovered on the track, as in Scheffler v. Minneapolis & St. Louis Ry. Co. 32 Minn. 518, 21 N. W. 711.

We think the facts and inferences of the instant case are as inadequate to show wanton injury or wilful or wanton negligence as they were held to be in Judson v. Great Northern Ry. Co. 63 Minn. 248, 65 N. W. 447; Arine v. Minneapolis & St. Louis Railway Co. 76 Minn. 201, 78 N. W. 1108, 1119; Olson v. Northern Pacific Ry. Co. 84 Minn. 258, 87 N. W. 843. No jury could, under the evidence in this case, be permitted to say that this fireman exhibited a reckless disregard for the safety of Knapp by failing, after discovering his peril, to exercise ordinary care to prevent the impending injury. Alger, Smith & Co. v. Duluth-Superior Traction Co. 93 Minn. 314, 101 N. W. 298. When Knapp's peril appeared to the men in charge of the train, the accident could not be averted.

Holding as we do, that the evidence will not support a finding of wanton or wilful negligence, the refusal to give an instruction containing the law applicable to such issue was not error.

The court did not err when excluding evidence of the custom and practice to flag trains at Big Lake, where Knapp lived, as bearing upon his alleged contributory negligence. The fact that defendant's railway runs through both of these villages under about similar conditions, and that the station agent at Big Lake customarily flags trains, does not give a person the right to expect that it will be done at Clear Lake, especially where, as here, there is no offer to prove that it was ever the practice to flag trains at Clear Lake or that the deceased was not fully conversant with the practice there obtaining. The materiality or relevancy of the offered testimony is not made to appear.

In view of the conclusions already expressed there is no need of considering the claim of respondent that the trial court properly ordered judgment non obstante because no negligence was proven against defendant.

We think the judgment right, and it is affirmed.