## FLORA OLIN v. MINNESOTA TRANSFER RAILWAY COMPANY.[1]

October 23, 1925.

No. 24,869.

**When attempt to pass between standing cars is contributory negligence.**

1. A pedestrian who attempts to pass through a narrow opening between standing cars at the time when moving cars in plain sight are about to come against them, is guilty of contributory negligence.

**Presumption that standing cars blocking street are liable to be moved.**

2. A person finding standing cars blocking a street is presumed to know that they are liable to be moved at any time.

**Duty of person about to cross track to discover whether he will be in danger from moving cars.**

3. A person about to cross a railroad track must use his senses alertly to discover whether he will be endangered by the movement of trains or cars.

**When presumption that deceased used due care is conclusively refuted.**

4. Where the undisputed evidence shows that the deceased must have seen the approaching cars if he had looked, the presumption that he exercised due care is conclusively refuted.

1. See Railroads, 33 Cyc. p. 835 (Anno).
2. See Railroads, 33 Cyc. p. 1067 (Anno).
3. See Railroads, 33 Cyc. p. 824 (Anno).
4. See Death, 17 C. J. p. 1304, § 167.

Action in the district court for Hennepin county to recover for the death of plaintiff's intestate. The case was tried before Kolliner, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order, Bardwell, J., denying her motion for a new trial. Affirmed.

*Einar Hoidale*, for appellant.

*Richard L. Kennedy*, for respondent.

[1]Reported in 205 N. W. 440.

TAYLOR, C.

Action for death by wrongful act. The trial court directed a verdict for defendant on the ground that it conclusively appeared that the deceased was chargeable with contributory negligence. Plaintiff appeals from an order denying a new trial.

The accident happened in the railway transfer district in the city of St. Paul. Wabash avenue running in an easterly and westerly direction is parallel with and two blocks south of University avenue and is crossed at right angles by Vandalia street. A switching track with a down grade toward the west extends along Wabash avenue from which spurs lead to the various industries along that street. Defendant's switching crew backed a string of 18 or 19 freight cars from the east upon this track for the purpose of delivering them to industries upon these spurs. Eight or nine cars to be delivered west of Vandalia street were cut off from the west end of the string. They drifted down grade toward the west and were brought to a stop when across Vandalia street—two cars being east of that street, one across it and five or six west of it. The next car was delivered to the Blekre Tire Company on the south side of Wabash avenue. Two more cars were then cut off. They drifted down grade and were brought to a stop so that a space of two feet was left between them and those first cut off. The next car was delivered to the Eagle Oil Company on the north side of Wabash avenue by backing the train with this car at the rear over the spur leading to the plant of that company. The next movement was to couple together all the remaining cars and move them west to clear the Vandalia street crossing. The engine with 6 cars attached was run from the Eagle Oil Company spur out on the switching or lead track and then backed slowly west to make these couplings. As the cars came together the deceased, Andrew Olin, who evidently was attempting to pass through the opening between the standing cars, was caught between the bumpers and crushed so badly that he died shortly thereafter.

Mr. Olin had an appointment with Mr. Blekre at the factory of the Blekre Tire Company located at the southeast corner of the in-

tersection of Vandalia street with Wabash avenue. He came over from Minneapolis and walked south on Vandalia street from University avenue and found the crossing at Wabash avenue blocked by freight cars. Mr. Blekre, accompanied by a friend, drove to the factory in his automobile. He drove along University avenue and then down Vandalia street. Finding the street blocked by freight cars at Wabash avenue, he turned back to University avenue and reached the factory by crossing the track on another street. As he was turning back on Vandalia street, he saw Mr. Olin on the sidewalk and called out to him to wait at the factory if the freight opened up, so that he, Olin, reached there first. This was the last time that Mr. Olin was seen until he was found between the cars. The switchmen were on the south side of the track and did not see him nor know of his presence until a man on the south side of the street who saw that he had been caught between the cars called out to them. They immediately removed him from the track. The accident happened before Mr. Blekre reached the factory. He arrived a few moments later and, recognizing Mr. Olin, had him taken to the hospital.

There is no dispute or conflict in the evidence. The members of the switching crew had no knowledge of Mr. Olin's presence. The opening through which he attempted to pass was only 2 feet in width and between 85 and 90 feet east of the east line of Vandalia street. The engine with 6 cars was moving west on a straight track to couple onto the 2 cars east of the opening and to couple those cars to the string west of it. Mr. Olin was in the opening at the moment of impact. Although no one saw his movements after Mr. Blekre left him standing on the sidewalk, he must have walked east along the north side of the cars until he came to this opening. While doing so he was facing toward the moving train. It was a bright clear day. The train was in plain sight of anyone going east from Vandalia street on the north side of the track. It was also in plain sight while on the spur leading to the Eagle Oil Company north of the track. The conclusion is irresistible that Mr. Olin either did not look or, in the face of a known and imminent danger, took

the desperate chance of being able to pass between the cars before they came together. In either event he was guilty of contributory negligence as a matter of law under well-settled rules established by prior decisions.

A person finding a line of cars standing across a street is presumed to know that the railway company has no right to leave them there "except for a sufficient time, not exceeding ten minutes, to couple or separate the cars," and that they are liable to be moved at any time. If he attempts to pass between them without first ascertaining that no movement which will endanger him is about to take place, his conduct will ordinarily constitute negligence as a matter of law and bar him from recovering damages if injury results. Wherry v. D. M. & N. Ry. Co. 64 Minn. 415, 67 N. W. 223; Helback v. N. P. Ry. Co. 125 Minn. 155, 145 N. W. 799; Sikorski v. G. N. Ry. Co. 127 Minn. 110, 149 N. W. 5; 22 R. C. L. 1022.

It has long been settled law that a railroad track is in itself a warning of danger, and that a person about to cross it must use his senses alertly to discover any impending danger and avoid injury to himself. Lang v. N. P. Ry. Co. 118 Minn. 68, 136 N. W. 297; Martin v. G. N. Ry. Co. 132 Minn. 78, 155 N. W. 1047; Knapp v. N. P. Ry. Co. 139 Minn. 338, 166 N. W. 409; Anderson v. G. N. Ry. Co. 147 Minn. 118, 179 N. W. 687; Jensen v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 414, 191 N. W. 908.

It is true that a person killed in an accident is presumed to have exercised due care for his own safety in the absence of evidence to the contrary, but, where the undisputed evidence shows that if he had exercised such care he must have discovered the impending danger in time to have avoided it, this presumption is conclusively refuted. Carlson v. C. & N. W. Ry. Co. 96 Minn. 504, 105 N. W. 555; Knapp v. N. P. Ry. Co. 139 Minn. 338; 166 N. W. 409; Anderson v. G. N. Ry. Co. 147 Minn. 118, 179 N. W. 687; Engstrom v. C. N. Ry. Co. 153 Minn. 46, 189 N. W. 580, 190 N. W. 68; Akerson v. G. N. Ry. Co. 158 Minn. 369, 197 N. W. 842.

The opening in question was two car lengths from the crossing. A pedestrian traveling along Vandalia street could not have under-

stood that it was left for the purpose of permitting him to pass through the train. In Ball v. G. N. Ry. Co. 142 Minn. 31, 170 N. W. 847, cited by plaintiff, this court predicated its refusal to grant judgment notwithstanding the verdict on the fact that in that case the opening between the cars was in the line of travel and that the evidence would permit the jury to find that the view of the switching movement was obstructed by a car on an adjacent track. The present case presents a different situation, and we are forced to the conclusion reached by the learned trial court that the negligence of the deceased himself contributed in causing this deplorable accident.

Order affirmed.