## DAVID MONTCALM v. GREAT NORTHERN RAILWAY COMPANY AND OTHERS.[1]

April 16, 1926.

No. 25,233.

**Decedent not guilty of contributory negligence, as matter of law.**

The presumption of due care on the part of one run down and killed by box-cars being pushed across a grade crossing, without the customary protection to travelers of a person at the crossing or on the front car, was not so rebutted that the court was warranted, as a matter of law, to hold decedent guilty of contributory negligence.

Negligence, 29 Cyc. p. 596 n. 29.
Railroads, 33 Cyc. p. 1071 n. 8; p. 1161 n. 90; p. 1162 n. 91.

Action in the district court for Itasca county by the special administrator of decedent to recover for his wrongful death. The case was tried before McClenahan, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*F. G. Dorety, A. L. Janes* and *Baldwin, Baldwin, Holmes & Mayall,* for appellant.

*Gannon, Strizich & Farnand,* for respondent.

[1]Reported in 208 N. W. 539.

HOLT, J.

Defendant's motion for judgment non obstante was denied, and it appeals from the judgment entered on the verdict.

The action was one to recover for wrongful death. The facts were in substance these: Duluth avenue runs north and south through the westerly part of the city of Grand Rapids, and is crossed at right angles by the tracks of defendant. The depot and principal business parts of the city extend several blocks to the east of Duluth avenue. That street has considerable travel, but there are no sidewalks north of the railroad crossing. The most southerly track is the main track. The next track north and parallel thereto is the passing track. A box-car, pushed westerly along the passing track, struck down and killed plaintiff's intestate, Avila Montcalm, between 1 and 2 o'clock in the afternoon of June 9, 1925. Mr. Montcalm was at the time 79 years old, in good health, with unimpaired sight and hearing. There was on the day a strong west wind accompanied at times with a drizzle. Deceased was observed passing a store about 300 feet north of the crossing going toward the same, evidently bound for his home south of the tracks. A young lady clerk in the store watched him as he approached the crossing and saw him stop while a freight train going east was passing. From her testimony the jury could find that as the last car of the freight train passed, leaving the way clear, Mr. Montcalm started ahead and was struck down by a boxcar then being pushed west upon the passing track over the crossing. Just where he was standing while the eastgoing freight was blocking the crossing is not definitely shown, whether upon the passing track or a few feet north of it, the young lady could not determine because of her distance away. No one else saw him at the time. The boxcar which struck him down was in the control of a crew engaged in some switching operation, and had had the train, of which it was a part, standing a few moments or minutes upon the passing track some 5 carlengths to the east of Duluth avenue. As it stood, the two westerly cars were boxcars, then the locomotive with a gondola car coupled to the east end. A signal was given the engineer to move west. He obeyed. There was no one to guard the crossing, and the jury could

find that no one was upon either of the boxcars to give warning as the crossing was approached, and also that no signal was given by bell or whistle, though there is direct evidence to the contrary. That the evidence sustains the finding that defendant was negligent is not seriously questioned, nor could it be.

The only proposition urged as a ground for reversal of the judgment is that Mr. Montcalm was guilty of contributory negligence as a matter of law. The court charged the jury that, if deceased was struck when standing upon the passing track, waiting for the east-moving train to clear the crossing, he was guilty of negligence, and defendant should prevail. It is claimed that, since his body was found between the rails of the passing track, the conclusion is unavoidable that he was standing thereon. But the jury could well accept as a fact that, while so waiting, he stood just north of that track out of harm's way; that as he came up to that position he saw the boxcars to the east, but with due care could not ascertain that they were part of a live train; that he was somewhat distracted by the circumstance that the freight train going east was just about to give him a chance to pass; that the noise and rattle thereof drowned the movement of the small train just starting west on the passing track; that there were no persons upon or about the front or westerly end of that train; that deceased, a resident of Grand Rapids for some time, knew of the custom of defendant, testified to by the engineer of the switching crew, to protect the crossing by sending a man ahead of the train when a string of boxcars was being pushed over it, having no one upon the front end of the first car to give warning. The strong wind from the west, so strong that deceased, to prevent his hat from blowing off, had to hold it on with his hand, also is a circumstance to be considered.

Upon this record we are not able to say that a man walking south towards this crossing at the time the deceased walked, in the exercise of ordinary care, could have or should have discovered that back of the two cars was a locomotive attached. It may not be entirely clear that the learned trial court was correct in charging that it was contributory negligence, as a matter of law, had de-

ceased paused for a few moments upon the passing track under the circumstances then present. But at any rate it must be assumed that the jury followed the court's instruction, and that the verdict negatives the claim that he was upon the track while waiting for the eastbound train to pass.

Montcalm is dead and the presumption obtains, until the contrary appears from the evidence, that he was in the exercise of ordinary care. Lewis v. C. St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180; Griffith v. G. N. Ry. Co. 113 Minn. 126, 129 N. W. 152; Gilbert v. City of Tracy, 115 Minn. 443, 132 N. W. 752. The negligence of defendant, in pushing these cars over a street crossing while omitting the customary precautions to protect persons about to cross, may also be considered as tending to put deceased off his guard. Hendrickson v. G. N. Ry. Co. 49 Minn. 245, 51 N. W. 1044, 16 L. R. A. 261, 32 Am. St. 540; Klotz v. W. St. P. R. Co. 68 Minn. 341, 71 N. W. 257.

In the Klotz case, which on its facts bears quite a resemblance to the one at bar, it is said: "A traveler approaching a railroad crossing has a right to presume that in handling its cars the railroad company will act with a proper care, and that the signals of approach will be seasonably given." The situation here was also somewhat like the one in Ball v. G. N. Ry. Co. 142 Minn. 31, 170 N. W. 847, where a recovery was had. The case of Akerson v. G. N. Ry. Co. 158 Minn. 369, 197 N. W. 842, was one where the deceased saw the train coming and miscalculated his ability to cross the track before it reached him, and is not a precedent on the facts here.

Olin v. M. T. Ry. Co. 164 Minn. 512, 205 N. W. 440, is clearly distinguishable from the instant case in that it was not at a street crossing where the fatal attempt was made to pass a small opening between standing cars. Schneider v. N. P. Ry. Co. 81 Minn. 383, 84 N. W. 124, was where the person was run down by a locomotive as he attempted to cross in front of it. There had not been a passing train blocking the crossing as here; and when a locomotive is in sight, outside a roundhouse, we know that it has steam up, moving

or ready to move. We think the issue of contributory negligence was for the jury.

It may well be that the learned trial court inadvertently gave the jury the rule by which the court is to be guided in determining when the presumption of due care on the part of one killed by the wrongful act or negligence of another is as a matter of law rebutted. But that is of no consequence now, for no error on this appeal is raised or could be raised, except the one denying defendant judgment notwithstanding the verdict.

The judgment is affirmed.

STONE, J. (dissenting.)

I take a different view of the facts and reason of the case. To start with, the one and unimpeached eye witness who had a clear and fairly near view of the accident, testified that she saw the deceased approach the crossing, and "when he got up there  *  *  * he had to stop and wait for it [the east bound freight] until it went by. Then he was holding his hat with his right hand  *  *  * so the wind would not blow it off. He was waiting there awhile. *  *  * He wasn't standing very long, he just got there and was *waiting* a few minutes before he could get by.  *  *  * Yes, he got up there and was *just standing there* and the other train hit him."

Thus did Miss Le Sarge, plaintiff's witness, state and repeat that the deceased was *standing* on the crossing when he was hit. So I think it a case where neither jury nor judge can disregard, as the verdict and our decision in my opinion do disregard, clear testimony which is as free from equivocation as it is from contradiction or other discrediting attendant.

But the opinion assumes that Mr. Montcalm was not standing on the crossing. That would be conceded negligence. So the basis of the decision must be the only other permissible hypothesis that he walked onto the crossing just in time to be struck. That also, my brethren of the majority apparently would brand negligence as matter of law, were it not for the supposedly distracting circumstance of the other train passing on the next track. The latter did

not threaten the deceased nor at the moment require the exercise of any of his faculties of attention. It may have attracted them, but that is not enough. Mere curiosity or even interest in something else, which at the time being is innocuous, cannot be a legal excuse for one's thrusting himself into or permitting himself to remain in a position of obvious and imminent danger. The noise of the other train was of course to be considered, for it doubtless interfered with Mr. Montcalm's hearing the cars approaching him. But if, as the decision assumes, he was struck just as he walked onto the crossing, any sort of a timely glance along the passing track to his left would have disclosed the approaching danger and stopped him in a position of safety. How then can it be said that the proof does not rebut, conclusively, the initial presumption of due care?

In my view "the evidence is clear, not conflicting" and forces the conclusion that there was no reason why "a man should be caught at this crossing" as Mr. Montcalm was, "if he uses care and chooses to look." Marty v. C. St. P. M. & O. Ry. Co. 38 Minn. 108, 35 N. W. 670, followed with approval in Fletcher v. Fitchburg R. Co. 149 Mass. 127, 21 N. E. 302, 3 L. R. A. 743.