DEAN, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

(213 N. W. 6.)

(File No. 5715.  Opinion filed April 11, 1927.)

1. **Railroads—Automobiles—Automobile Driver Approaching Railroad Must Look and Listen Where Same Will Be Effective.**

    Automobile driver approaching tracks is under duty to look and listen where looking and listening will be effective, failure to do so being contributory negligence as matter of law.

2. **Railroads—Contributory Negligence—Automobile Driver Failing To See Train Visible Held Contributorily Negligent.**

    Driver of automobile who, on approaching crossing at which train was visible for considerable distance, failed to see train and was unable to describe any obstruction to view, held contributorily negligent as matter of law.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Railroads, Key-No. 327(8), 33 Cyc. 1012; **(2)** Railroads, Key-No. 327(2), 33 Cyc. 1004.

On care required of driver of automobile at railroad crossing, see annotation in 21 L. R. A. (N. S.) 794; 29 L. R. A. ( N. S.) 924; 46 L. R. A. (N. S.) 702; 22 R. C. L. 1016; 4 R. C. L. Supp. 1484; 5 R. C. L. Supp. 1220; 6 R. C. LL. Supp. 1347.

Appeal from Circuit Court, Minnehaha County; HON. ASA FORREST and HON. JOHN T. MEDIN, Judges.

Action by Albert Dean against the Chicago, Rock Island & Pacific Railway Company. From a judgment for plaintiff and an order denying defendant's motion for judgment notwithstanding the verdict, defendant appeals. Judgment and order appealed from reversed, with directions.

*Boyce, Warren & Fairbank,* of Sioux Falls, and *O'Brien, Horn & Stringer,* of St. Paul, Minn., for Appellant.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

BURCH, J.   On the 4th of November, 1921, Albert Dean was in the employ of the Home Furniture Company of Sioux Falls, S. D., and driving one of its trucks returning from a trip to Spirit Lake, Iowa.   While attempting to cross the tracks of defendant, at a railroad crossing in the village of Ocheydan, Iowa, the truck was struck by the engine of a freight train and Dean was injured. The Home Furniture Company paid Dean as its employee $1,295 under the Workmen's Compensation Act of this state (Laws 1917, c. 376).   This action was later commenced to recover of the defendant railway company, not the full amount of the damages for the injury, but, as alleged in the complaint, "for damages sustained by him in excess of the amount of compensation paid to him."   Defendant contends that such action cannot be maintained; that no such action is provided by statute; nor is such action known to the common law; and that there can be no such recovery under the law of South Dakota.   This, though an interesting question, will not receive our attention at this time, as there is another question which disposes of the case and renders a reversal necessary.

[1]   In Buboltz v. C., M. & St. P. Ry. Co., 47 S. D. 512, 199 N. W. 782, this court laid down the rule that it is the duty of an automobile driver approaching railroad tracks to look and listen where looking and listening will be effective, and that his failure to do so is contributory negligence as a matter of law. This rule is supported by many authorities.   Albright v. C., R. I. & P. Ry. Co., 200 Iowa, 678, 205 N. W. 462; Richter v. C., R. I. & P. Ry. Co., 164 Minn. 284, 204 N. W. 881; Pamburn v. Michigan Cent., 228 Mich. 472, 200 N. W. 111; Detroit, T. & I. Ry Co. v. Rohrs, 114 Ohio St. 493, 151 N. E. 714; Langham v. C., R. I. & P. Ry. Co., 201 Iowa, 897, 208 N. W. 356; Roth v. C., M. & St. P. Ry. Co., 185 Wis. 580, 201 N. W. 810; New Amsterdam Cas. Co. v. C. & N. W. Ry. Co., 190 Wis. 203, 208 N. W. 932; N. Y. C. & H. Ry. v. Maidment, 168 F. 21, 93 C. C. A. 413, 21 L. R. A. (N. S.) 794; N. P. Ry. v. Tripp (C. C. A.), 220 F. 286; Brommer v. Pa. Ry. (C. C. A.), 179 F. 577, 29 L. R. A. (N. S.) 924; C., M. & St. P. Ry. v. Bennett (C. C. A.), 181 F. 799; Young v. Southern Pacific Co., 182 Cal. 369, 190 P. 36; Benedict v. Hines, 110 Wash. 338, 188 P. 512.   In the Buboltz Case, after reviewing the evidence, Judge Sherwood in his opinion said:

"It follows that he either did not look when he says he looked

or he saw the train because it was where he must have seen it.
* * * "

[2] In this case the train was approaching from the west. The only obstruction to the view for a long distance down the track to the west was some oil tanks and a truck to the east of the tanks. From the track to a distance of 75 feet north of the crossing an approaching train could be seen from a truck cab for at least 300 feet, and some witnesses say as far as a quarter of a mile. The language of this court in the Buboltz Case applies with equal or greater force in this case.

We have not overlooked the testimony of plaintiff and his companion with him in the truck that there was an obstruction which cut off the view and prevented their seeing the approaching train. What this obstruction was, neither was able to tell or describe in any manner. Plaintiff's companion went so far as to say he did not know whether or not it was an object. Their testimony amounts to saying they looked and did not see the train, therefore there must have been an obstruction to the view. If there was, they would have seen the obstruction and ought to be able to describe it. If a familiar object, ought to be able to name it, so the court or jury could say with what degree of care the crossing should have been approached under the circumstances. Such testimony is too uncertain and fantastic to furnish a basis for submission of the case to the jury. The rule laid down in the Buboltz Case cannot be evaded by such pretended evidence.

Defendant moved for a directed verdict at the close of all the evidence, and after the verdict moved for judgment notwithstanding the verdict. This should have been granted.

The judgment and order appealed from are reversed, with direction to enter judgment for defendant notwithstanding the verdict.

CAMPBELL, P. J., and GATES, POLLEY, and SHERWOOD, JJ., concur.