EDWARD BUELOW v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

June 26, 1925.

No. 24,744.

**Absence of flagman from railroad crossing does not relieve traveler from exercise of care.**

1. The absence of a flagman at a railroad crossing where usually one is stationed, a traveler knowing that one is usually there, is a fact favorable to the traveler in determining his contributory negligence, though it does not relieve him from care for his safety.

[1]Reported in 204 N. W. 571.

**Plaintiff guilty of contributory negligence.**
    2.  Under the facts stated in the opinion it is *held* that the plaintiff who was injured while passing over a railroad crossing in his auto, though the flagman, usually stationed there as the plaintiff knew, was absent, and, although the day was foggy, was guilty of contributory negligence in failing to look and see the approaching train.

    1.  See Railroads, 33 Cyc. pp. 1028, 1029.
    2.  See Railroads, 33 Cyc. p. 1096.

    1.  See note in 41 L. R. A. (N. S.) 357; 22 R. C. L. 1010.  See note in 16 A. L. R. 1285.

    Action in the district court for Steele county.  The case was tried before Senn, J., and a jury which returned a verdict in favor of plaintiff.  Defendant appealed from the judgment.  Reversed.
    *O'Brien, Horn & Stringer,* for appellant.
    *Nelson & Nelson,* for respondent.

DIBELL, J.
    Action to recover for injuries sustained by the plaintiff and damages done to his auto in a collision at a crossing in Owatonna. There was a verdict and judgment for the plaintiff.  The defendant appeals from the judgment.
    The defendant concedes that the evidence made an issue for the jury on its negligence.  The only question is whether there was contributory negligence of the plaintiff preventing a recovery.
    1.  At the Bridge street crossing, where the accident occurred, the defendant provided a flagman.  He was not there on the morning of the accident.  The plaintiff knew that a flagman was usually there.  That there was no flagman present was a fact to be considered in determining the plaintiff's contributory negligence.  It did not excuse the plaintiff from the exercise of care, but within reasonable limits he might rely upon the fact that a flagman was not about as some assurance of safety.  Woehrle v. Minn. Transfer Co. 82 Minn. 165, 84 N. W. 791, 52 L. R. A. 348.  The principle

applicable when crossing gates are open applies here. Haugen v. N. P. Ry. Co. 132 Minn. 54, 155 N. W. 1058; Lang v. N. P. Ry. Co. 118 Minn. 68, 136 N. W. 297; Wardner v. G. N. Ry. Co. 96 Minn. 382, 104 N. W. 1084; Stegner v. C. M. & St. P. Ry. Co. 94 Minn. 166, 102 N. W. 205.

2. The plaintiff was going easterly on Bridge street in his auto about 8 o'clock in the morning of April 26, 1923. The weather was variously described as misty or drizzly or foggy. The defendant's train was approaching from the south. There was a single track. The plaintiff was moving 4, 5 or 6 miles an hour. He was familiar with the crossing. He could stop his car in from 4 to 6 feet. He saw the depot at the north, his left, 750 feet away. He looked to the south, his right, in the direction of the train, when 45 to 50 feet from the track. He did not look afterwards. At their comparative rates of speed the train at the time when he says he looked must have been within seeing distance. If he looked attentively he could not have missed seeing it. If he had looked again, before he got to the tracks, he must have seen it. A witness for the plaintiff crossed the track in an auto ahead of him. The plaintiff thinks he was 4 rods ahead. The witness saw the approaching train when he was on the track. He estimates that it was 16 rods away, and that he was 5 rods past the crossing when the collision occurred.

There were no distracting circumstances. There were no obstructions substantially affecting the plaintiff's view, at a point when he looked or should have looked, though there were telephone or telegraph poles along the railroad and street, and trees along the river. There were no such obstructions as buildings or standing cars; and there was nothing north or south distracting his attention, nor street traffic on the street which he was using. Everything except the weather was favorable, and that did not prevent seeing what should have been seen. He saw the auto 4 rods ahead when it crossed the track. At that time he could have seen the train; and if he had only looked again, instead of just following the other auto without looking, no accident would have occurred.

The plaintiff is frank in his testimony. We have stated the important and controlling facts fairly and from a standpoint favorable to him. There was a failure to care for his safety, which contributed to his injury, and which the law calls contributory negligence.

Order reversed.

Holt and Stone, JJ., took no part.