# SELMER N. MUNSON v. CHICAGO GREAT WESTERN RAILROAD COMPANY AND OTHERS.[1]

March 25, 1927.

No. 25,851.

**Driver of truck at railway crossing guilty of contributory negligence as matter of law.**

Action for personal injuries sustained in a collision between a railway train and a truck driven by plaintiff at a railway crossing. The undisputed facts conclusively show that plaintiff was chargeable with contributory negligence.

Railroads, 33 Cyc. p. 1000 n. 88; p. 1002 n. 89, 90; p. 1003 n. 97; p. 1004 n. 6.

Plaintiff appealed from an order of the district court for Goodhue county, Schultz, J., granting defendant's motion for judgment notwithstanding the verdict. Affirmed.

*Olof L. Bruce* and *Bentley & Christianson,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

TAYLOR, C.

This is an action to recover for personal injuries in which the jury returned a verdict for plaintiff and the defendant made a motion for judgment notwithstanding the verdict or for a new trial, and the court granted the motion for judgment.

A public highway extending north and south crosses defendant's railway track at grade and at nearly a right angle about one-fourth of a mile east of the station of Welch in Goodhue county. The county had a crew graveling a road north of the track and hauled the gravel from a gravel pit about 600 feet south of the track along this highway to the place where it was spread, a distance of about one-half mile. Plaintiff drove one of the trucks which hauled this

[1] Reported in 212 N. W. 946.

gravel. He had lived in that vicinity for several years, had driven the truck over this crossing about 24 times a day during the two weeks preceding the accident, and was perfectly familiar with the situation. He also knew that defendant's fast passenger train going east passed this crossing daily at about 11 o'clock in the forenoon. On the day of the accident he had hauled four or five loads and about 11 o'clock in the forenoon was returning to the pit empty for another load. When crossing the track his truck was struck by the passenger train causing the injuries for which he seeks to recover.

There is the usual conflict in the testimony as to whether the warning whistles were given for the crossing, defendant's witnesses stating positively that they were given, plaintiff's witnesses stating that none were heard. The evidence was probably sufficient to make this issue a question for the jury.

This locality is hilly and the railway track winds around the hills. As plaintiff approached the crossing, he could see up the track to the station of Welch until he came within about 150 feet of the crossing. From this point to the crossing an intervening hill shut off a view of the track beyond the hill. The track curved around the hill and came into view 450 feet from the crossing. It was in plain sight for this distance at all times after plaintiff was within 200 feet of the crossing. The highway was level but sandy. The railway track was on an embankment about five feet higher than the highway. Beginning about 30 feet from the crossing the highway had been graded so that it ascended gradually from that point to the height of the track at the crossing.

Plaintiff testified that when he reached the rising grade about 30 feet from the track he stopped and looked, and that no train was in sight; that he proceeded at a speed of about four miles per hour and when about two feet from the track looked again and that no train was then in sight; that he could have stopped the truck within a foot; that when his front wheels were on the track he heard a sharp whistle, looked and saw the train "right close to" him; that he stepped on the accelerator but the crash came as the rear wheels reached the center of the track.

The members of the train crew say that the train reduced speed at the curve and went around the curve and onto the stretch leading to the crossing at about 25 miles an hour. Plaintiff had two witnesses who gave an estimate of the speed of the train. One who was at the station of Welch and watched the train from that station to the curve at the hill says he did not know the speed but gave 50 miles an hour as his estimate. The other who was at the gravel pit about 600 feet from the crossing gave 45 miles an hour as his estimate. When the train came within the view of this witness it had passed out of the view of the witness at the station. The engineer says he saw the truck as he came around the hill; that it did not stop at the foot of the grade; that seeing it continue up the grade toward the track, he gave the danger whistles and applied his brakes but was unable to stop in time to avoid the collision.

The trial court granted judgment notwithstanding the verdict on the ground that plaintiff must have seen the train if he had looked as he claimed. If the train was not in sight when plaintiff claimed to have looked, he would have cleared the crossing before the train reached it, conceding that he was proceeding at the slowest rate of speed and the train at the highest rate of speed named by any witness, and making no allowance for the slackening of the speed of the train resulting from the application of the brakes. But the testimony of plaintiff's witnesses as to speed was at most only a guess by men not experienced in estimating such matters. We are of opinion that the undisputed facts conclusively establish that plaintiff was chargeable with contributory negligence and that the learned trial court correctly directed judgment for defendant on that ground. Anderson v. G. N. Ry. Co. 147 Minn. 118, 179 N. W. 687; Jensen v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 414, 191 N. W. 908; Rintala v. D. W. & P. Ry. Co. 159 Minn. 499, 199 N. W. 562; Buelow v. C. R. I. & P. Ry. Co. 164 Minn. 52, 204 N. W. 571; Richter v. C. R. I. & P. Ry. Co. 164 Minn. 284, 204 N. W. 881; Bailey v. M. St. P. & S. S. M. Ry. Co. 166 Minn. 118, 207 N. W. 26, 560.

Order affirmed.