### GEORGE ANTON v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

May 27, 1927.

No. 25,865.

**As matter of law plaintiff guilty of contributory negligence in driving upon railway crossing.**

Upon the facts stated in the opinion, plaintiff, as a matter of law, was guilty of contributory negligence in going over a railway crossing in front of an approaching train.

Railroads, 33 Cyc. p. 1029 n. 51; p. 1030 n. 58, 59; p. 1038 n. 4.

---

See note in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702; 2 R. C. L. 1206.

Plaintiff appealed from an order of the district court for Morrison county, Parsons, J., denying his alternative motion for judgment or a new trial. Affirmed.

*D. M. Cameron,* for appellant.

*B. W. Scandrett, Frederic D. McCarthy* and *M. L. Countryman, Jr.,* for respondent.

[1]Reported in 214 N. W. 661.

WILSON, C. J.

Plaintiff appealed from an order denying his alternative motion for judgment notwithstanding a directed verdict or a new trial.

This is a railroad crossing accident case. Assuming defendant's negligence, we go directly to the consideration of contributory negligence.

The city of Little Falls is divided by the Mississippi river which is bridged on Broadway street running east and west. Three of defendant's tracks extending north and south cross Broadway at the west end of the bridge. Defendant's passenger depot is located about 309 feet north of the center line of Broadway on a tract of defendant's land 30 to 50 feet wide which extends along the west side of the tracks. About 99 feet north of the center line of Broadway is a water tank 22 feet in diameter which rests on eight stilts and is 18 feet above the level of the rails. It has a ladder; also a frost chamber or boxed-in inclosure eight feet square extending from the ground to the center of the tank. Perhaps there are two or three telephone or light poles, but they are not located.

Immediately to the west of the depot premises is First street, about 50 feet wide, intersecting at right angles with Broadway. A person approaching the crossing from the west, upon reaching the westerly line of First street, has a clear view of the tracks up to the depot except for the objects mentioned and when 50 feet from the west rail is able to see, subject to the interference of said objects, substantially one block and to a point opposite the center of the depot.

The accident happened at 6:15 p. m. September 29, 1925. The sun set at 6:08 p. m. The day was cloudy with a little fog; the wind was from the west. As plaintiff approached the crossing from the west driving a Ford truck loaded with wood he observed a freight train on the second track backing to the north, the locomotive being on the crossing. He construed the warning of a wigwag signal as referring to the freight train and the open gates as an invitation to proceed. Two automobiles headed east were standing on Broadway apparently waiting for a safe crossing. Plaintiff ap-

proached at about ten miles per hour, passed to the right of the two automobiles, and continued in high gear over the crossing, expecting to pass just in front of said locomotive. It was emitting smoke and steam. Its bell was ringing. Before he got across the first track the rear of his truck was struck by defendant's North Coast Limited passenger train coming from the north. The passenger train's headlight was on. It was traveling from 8 to 15 miles per hour at the depot, but the speed was materially slackened at the time of the collision and the witnesses say the train stopped 15 to 60 feet from the place of the accident.

About 20 trains, aside from those engaged in switching operations, pass over this crossing every 24 hours. Plaintiff has crossed these tracks about eight times every day for several years. He says on the evening in question he could see the depot and that if the train had been there he could have seen it. He does not claim that he could not see the passenger train because of fog, rain, steam or smoke. He says that he looked both ways and did not see any train. The facts lead us to the conclusion that if he had looked to the left he would have seen the approaching passenger train in time to have averted the accident. A person approaching and passing over such a crossing must use his eyes and a failure so to do, in the absence of distracting circumstances, precludes a recovery for injuries suffered by partial reason thereof. The record does not disclose any reasonable explanation of plaintiff's failure to see the train. He either did not look or, if he did, he saw the train and took the chances involved in attempting to cross ahead of it. Under such circumstances he is guilty of contributory negligence which bars his recovery. Wardner v. G. N. Ry. Co. 96 Minn. 382, 104 N. W. 1084; Anderson v. G. N. Ry. Co. 147 Minn. 118, 179 N. W. 687; Jensen v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 414, 191 N. W. 908; Rintala v. D. W. & P. Ry. Co. 159 Minn. 499, 199 N. W. 562; Buelow v. C. R. I. & P. Ry. Co. 164 Minn. 52, 204 N. W. 571; Bailey v. M. St. P. & S. S. M. Ry. Co. 166 Minn. 118, 207 N. W. 26, 560.

The invitation extended by the open gates did not, under the decisions of this court, relieve plaintiff from exercising care. Ward-

ner v. G. N. Ry. Co. supra; Lang v. N. P. Ry. Co. 118 Minn. 68, 136 N. W. 297; Martin v. G. N. Ry. Co. 132 Minn. 78, 155 N. W. 1047; Buelow v. C. R. I. & P. Ry. Co. supra.

Affirmed