PHILLIP J. WIEDEN v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

September 19, 1930.

No. 27,988.

[1]Reported in 232 N. W. 109.

*Tautges, Wilder & McDonald* and *Sullivan, Neumeier & Nolan,* for appellant.

*John E. Palmer, James L. Hetland* and *Edward P. Kelly,* for respondent.

STONE, J.

Action for personal injuries wherein defendant had a directed verdict, and plaintiff appeals from the order denying his motion for a new trial.

The action comes from Marshfield, Wisconsin. There, soon after one a. m. December 25, 1927, plaintiff, while driving a taxicab, was run into by a passenger train of defendant eastward bound from the Twin Cities to Chicago. The negligence charged against defendant is excessive speed and failure to give warning by bell, both in violation of the Wisconsin statute hereinafter referred to. The verdict was directed for defendant on the ground that plaintiff was guilty of contributory negligence as matter of law.

Defendant's line through Marshfield runs nearly east and west. Central avenue crosses it at right angles just west of the depot. There are four tracks over the intersection, the main line being the third from the north. Plaintiff had gone north over the crossing just before the collision, which occurred as he was returning. It was a clear, quiet night. He knew the whole danger of the situation, including the fact that a string of freight cars was then spotted on the passing track next north of the main line and close enough to the street to interfere with his vision to the west. He "knew that a train was liable to come along at any time." He insists that he slowed down from 15 to 5 or 6 miles an hour, shifted gears, opened a window, looked and listened, but failed notwithstanding to get warning of the approaching through passenger train which was about to stop and did stop as usual at the depot, only 210 feet (measured from the center line of Central avenue) east of the crossing, which the train blocked in stopping. The headlight of

the locomotive was burning. According to the evidence, a newspaper could be read by its rays at a distance of 800 feet from the lamp. There is evidence that warning signals were given by both bell and whistle, but we assume that there may have been at that point an issue for the jury. The main line track is straight for about a mile west of the crossing.

The accident having occurred in Wisconsin, we must look to that state for the substantive law of the case. The argument of that point has been wasted, for there is a stipulation that all of the statutes and supreme court decisions of the state of Wisconsin "material to the issues herein, shall be considered to be in evidence and the court shall consider all such statutes and decisions in precisely the same light that it would the statutes and decisions of Minnesota, had the cause of action herein arisen in Minnesota." That is to say, the case was tried upon the theory that the substantive rights of the parties are to be determined by Wisconsin law. Needless to say, that is the correct theory. Manning v. C. G. W. R. Co. 135 Minn. 229, 160 N. W. 787; 1 Dunnell, Minn. Dig. (2 ed.) § 1541. Part of that law is 1 Wisconsin Statutes, 1929, § 192.29 (6). The statute deals with the operation of railroad trains over street and highway crossings in incorporated cities and villages and provides that in any action brought against a railroad company for personal injury or death, "if it appear that the injury or death in question was caused" by a negligent failure of the defendant to comply with the statute, "the fact that the person injured or killed was guilty of slight want of ordinary care contributing to the injury or death shall not bar a recovery," the burden of proof being put upon the railroad company.

It is argued for plaintiff that it was for the jury to say whether any negligence of his (more than slight) contributed to the collision—whether he can reasonably be excused for his failure to get timely warning of the oncoming train. The reasons assigned are the presence of the freight cars already alluded to on the passing track which interfered with plaintiff's view to the west, and the illumination of the crossing by street lights in such fashion that,

it is claimed, the headlight rays athwart plaintiff's path might have been so neutralized as to escape his observation.

■ The difficulty for plaintiff is that several disinterested witnesses, some on or near the crossing and some at the depot, testify in such fashion that the conclusion is inescapable that the train's approach would have been discovered by plaintiff had he made timely and reasonably careful use of either his vision or hearing. Three witnesses approaching the crossing on the sidewalk from the same direction as plaintiff saw the reflection of the headlight on the rails or flashes of it between the box-cars on the passing track. Some say they saw the light both on the rails and between the freight cars. Four heard the "rumble" of the train at distances from the track put at from over a half block to "close." Without further statement of details, it is enough to say that we have searched in vain for a reasonable ground on which to hold that plaintiff was not contributorily negligent as matter of law. It is too apparent that a reasonable use of either vision or hearing— due care requires the use of both—would have apprised him of his danger in time to prevent the collision. Plaintiff claims to have reduced his speed. He may have done so. He claims to have looked and listened carefully. That he cannot have done. Anton v. N. P. Ry. Co. 171 Minn. 355, 214 N. W. 661. There were no distracting circumstances. A mere glance to his left, over the tracks and toward the depot, would have disclosed not only that no danger threatened from that direction but also that people were on the depot platform and at least two automobiles (taxis) parked awaiting the arrival of No. 4, which hit plaintiff.

We need not stop to distinguish Turner v. M. St. P. & S. S. M. Ry. Co. 164 Minn. 335, 205 N. W. 213. We are now in the field of Wisconsin law, and we consider the case controlled by Roth v. C. M. & St. P. Ry. Co. 185 Wis. 580, 201 N. W. 810, 812. The facts of that case were more favorable to recovery than they are here. The dissenting opinion of Mr. Justice Crownhart [185 Wis. 585] is put upon the special circumstance that the narrow alley crossing upon which the accident occurred "inclosed by buildings up to six

and one-half feet of the track made a dangerous trap for travelers," and that an open gate "was an implied invitation to proceed." It is clear that had the facts in the Roth case been as they are here, the decision of the supreme court of Wisconsin against recovery would have been unanimous that plaintiff had been guilty of contributory negligence as matter of law to a degree beyond anything which could be called "slight." The Roth case was followed, on a question whether a plaintiff had been guilty of more than a slight want of care contributing to the accident, in Swanson v. Lake Superior T. T. Ry. Co. 200 Wis. 491, 228 N. W. 257.

It is the view of the Supreme Court of the United States that if a chauffeur "relies upon not hearing the train or any signal and takes no further precaution he does so at his own risk." B. & O. R. Co. v. Goodman, 275 U. S. 66, 70, 48 S. Ct. 24, 25, 72 L. ed. 167, 56 A. L. R. 645. The cases involving the so-called "stop, look and listen" rule are reviewed in City of Elkins v. Western Maryland Ry. Co. 76 W. Va. 733, 86 S. E. 762, 1 A. L. R. 198, 203; and Pennsylvania R. Co. v. Yingling, 148 Md. 169, 129 A. 36, 41 A. L. R. 398, 405. One of our most recent cases is Jones v. G. N. Ry. Co. 178 Minn. 322, 227 N. W. 45.

■ The argument for plaintiff stresses the fact that the crossing was protected by gates which were open at the time of the accident. The gates had been there for many years, during all of which they were not operated after eleven p. m. Plaintiff's testimony does not permit the construction that he put any reliance upon the open gates; so there can be no claim that he considered them an invitation to proceed. He knew the crossing was dangerous and that a train might be "along at any time." Upon such circumstances, the open gates did not relieve plaintiff from the duty to exercise due care for his own protection. The law of Wisconsin is this:

"It is only when the traveler is lulled into security in reliance upon the negligent act [open gates], and is drawn into danger that he could not avoid by the exercise of ordinary care, that the obligation to respond in damages exists." White v. C. & N. W. Ry. Co. 102 Wis. 489, 494, 78 N. W. 585, 587.

There is nothing in Bluhm v. Byram, 193 Wis. 346, 214 N. W. 364, 365, or McGrath v. M. St. P. & S. S. M. Ry. Co. 195 Wis. 11, 216 N. W. 530, of aid to plaintiff. In the former the plaintiff "was deceived by the absence of the flagman into believing the crossing clear." [193 Wis. 349.] In the McGrath case the testimony was that the flagman had "beckoned" the automobile to proceed. See also Anton v. N. P. Ry. Co. 171 Minn. 355, 214 N. W. 661, and cases cited.

Order affirmed.

